IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

JUN - 8 2006

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

**BRIAN L. JOINTER**

    **Plaintiff,**

v.                      //         **CIVIL ACTION NO. 1:05CV80**
                                                **(Judge Keeley)**

**F.C.I. MORGANTOWN, ET AL.,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 11, 2005, pro se plaintiff, Brian L. Jointer, filed a "Motion for Leave to Proceed Without Prepayment of Fees." The Court referred this matter to United States Magistrate Judge John S. Kaull for a report and recommendation.

On May 22, 2006, Judge Kaull issued a Report and Recommendation recommending that, based on the information provided in the application, the motion be denied and that the plaintiff be ordered to pay the $250.00 filing fee. The Magistrate Judge noted that the application revealed that the plaintiff received $1,598.00 per month in employment income, had $17.00 in his checking account and had no dependents.

The Report and Recommendation stated that any party could file objections to the report and recommendation within ten days of being served with a copy and also specifically warned that failure

JOINTER V. FCI MORGANTOWN, ET AL.                           1:05CV80

## ORDER ADOPTING REPORT AND RECOMMENDATION

to object would result in the waiver of his appellate rights on this issue. Nevertheless, Jointer failed to file any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation, **DENIES** the motion (docket no. 2) and **ORDERS** the plaintiff to pay the filing fee. Failure to pay the filing fee within thirty (30) days of entry of this order will result in dismissal of this case without prejudice.

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested.

Dated: June 8, 2006.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Jointer's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

2